IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Vincent Smith, | ) | C/A No.: 1:14-3161-RBH-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| Christopher Phillips, Cpt. T. (Tick) Wilson, Peggy E. Spivey, Crystal Hodge, and Jim Matthews, | ) | ORDER |
| Defendants. | ) | |

Gregory Vincent Smith ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Christopher Phillips, Captain Wilson, Peggy Spivey, Crystal Hodge, and Jim Matthews ("Defendants") during Plaintiff's incarceration at Kershaw County Detention Center ("KCDC"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). This matter comes before the court on Plaintiff's motion for a subpoena [ECF No. 38], motion for an entry of default [ECF No. 37], and motions for default judgment [ECF Nos. 43, 44].

I.      Motion for Subpoena

In his motion for a subpoena, Plaintiff requests a subpoena duces tecum form, but fails to provide information about the documents he seeks to subpoena or show that they are relevant. [ECF No. 38].

There are costs associated with a subpoena for documents, such as the cost of the copies and the cost of serving the subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Because Plaintiff has not demonstrated the subpoena is relevant to the instant case or tendered the necessary fees for the subpoena, Plaintiff's motion for a subpoena [ECF No. 38] is denied at this time with leave to refile after he has demonstrated the relevance of the requested subpoena and tendered the necessary copy costs and costs of service.

II.     Motions Related to Default

In his motions for an entry of default as to Phillips [ECF No. 37] and default judgment against Phillips [ECF No. 43] and Wilson [ECF No. 44], Plaintiff notes that the USMs-285 returned by the U.S. Marshal Service indicate that Phillips and Wilson were served [ECF No. 23], but they have failed to file an answer.[1] Phillips and Wilson filed responses arguing that they have not been properly served. [ECF Nos. 42, 45, 46]. Specifically, Phillips and Wilson argue that Sam Connell, who is listed as the individual served on behalf of Phillips and Wilson, did not have authority to accept service of the summons and complaint. *Id*. Phillips and Wilson attach affidavits from Connell stating that he informed the U.S. Marshal who attempted service that he would not accept service on behalf of Phillips and Wilson, as he was not authorized to do so. [ECF No. 42-1 at ¶ 7; 46-1 at ¶ 7].

---

[1] Plaintiff's motion for default judgment against Wilson is less clear on this argument, but the undersigned liberally construes the motions together to include this argument.

In light of the procedural history of this case, defense counsel is directed to advise the court by March 10, 2015, by a filing on the docket, whether he can accept service of process on behalf of Phillips and Wilson or whether they will waive service. If Phillips and Wilson accept or waive service, this case will proceed on the merits. Additionally, the undersigned will likely deny Plaintiff's pending motion for an entry of default and motions for default judgments. If Phillips and Wilson do not accept or waive service, the court will determine whether they have met the burden of proof in showing that they were not properly served in this matter, likely granting Plaintiff additional time to serve them and permit discovery on the same, if necessary.

III.    Conclusion

For the foregoing reasons, the court denies Plaintiff's motion for a subpoena [ECF No. 38] and withholds judgment on the remaining motions until counsel responds regarding service on Phillips and Wilson.

IT IS SO ORDERED.

February 25, 2015                                    Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

3