IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Vincent Smith, ) | C/A No.: 1:14-3161-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Christopher Phillips; Cpl. T. Wilson; ) | |
| Peggy E. Spivey; Crystal Hodge; and ) | |
| Jim Matthews, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Gregory Vincent Smith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He sues Kershaw County Sheriff Jim Matthews, Kershaw County Sheriff Deputies Christopher Phillips and T. Wilson, and Peggy E. Spivey and Crystal Hodge of the Kershaw County Detention Center ("KCDC") (collectively "Defendants"). This matter is before the court on Defendants' motion for summary judgment. [ECF No. 60]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF Nos. 61, 68]. The motion having been fully briefed [ECF Nos. 79, 81], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends

Defendants' motion for summary judgment [ECF No. 60] be granted.

I.     Factual and Procedural Background

   A.     Factual Background

During Plaintiff's detention at KCDC, a confidential informant informed Phillips that Samantha Steeprock was smuggling narcotics to Plaintiff. Phillips Aff. at ¶ 5.[1] Phillips was further informed that Steeprock was mailing Plaintiff stamps and envelopes laced with methamphetamines. *Id*. at ¶ 6. Phillips advised KCDC Director Peggy Spivey of the information he received and continued his investigation into the matter. *Id*. at ¶ 7. Phillips then obtained a search warrant to search Plaintiff's cell. *Id*. at ¶ 8.

On August 15, 2011, KCDC staff escorted Plaintiff to a medical room where a nurse asked him to provide a urine sample for a liver function analysis. [ECF No. 1 at 4–5]. After Plaintiff provided a urine sample, KCDC staff took him to the multipurpose room beside the nurses' station. *Id*. at 5. Meanwhile, Phillips executed the warrant and found in Plaintiff's cell letters from Steeprock referencing the smuggling arrangement and advising Plaintiff to examine the stamps on the letters. Phillips Aff. at ¶ 10.

Plaintiff alleges that Phillips then brought a copy of the urinalysis to the multipurpose room and told Plaintiff that he had tested positive for drugs. [ECF No. 1 at 7].[2] Plaintiff claims that Phillips began questioning him, but Plaintiff requested his attorney be present. *Id*. at 7–8. Plaintiff alleges that Phillips responded that "perhaps

---

[1] Phillips' affidavit may be found at ECF No. 60-3.
[2] Plaintiff claims he saw the test and it was negative. [ECF No. 1 at 7]. Phillips claims the test was positive, but that he is unable to locate his file. Phillips Aff. ¶¶ 14–16. The outcome of the drug screen is not material to the facts of this case.

solitary confinement would help [Plaintiff] remember." *Id*. at 8. Plaintiff was placed into administrative segregation for approximately two weeks following Phillips' search of his cell. On September 24, 2011, and October 7, 2011, Plaintiff filed grievances related to the incident.

B.     Procedural History Plaintiff's Prior Case

On January 4, 2012, Plaintiff filed a case based on the same factual allegations as the instant case. *Smith v. Spivey*, C/A No. 1:12-29-RBH-SVH ("*Smith I*").[3] The undersigned issued a Report and Recommendation (R&R") on October 11, 2012, recommending that summary judgment be granted based on Plaintiff's failure to exhaust his administrative remedies. *Smith I* at ECF No. 46. Specifically, the undersigned noted that Plaintiff had failed to file a grievance within 48 hours of the incident. *Id*. Plaintiff filed objections to the R&R, arguing, *inter alia*, that he was not made aware of the grievance policy. *Id*. at ECF No. 48. On February 27, 2013, the Honorable R. Bryan Harwell, United States District Judge, dismissed the case without prejudice based on Plaintiff's failure to exhaust. *Id*. at ECF No. 53. Plaintiff filed a motion for reconsideration on March 11, 2013, which Judge Harwell denied on April 15, 2013. *Id*. at ECF Nos. 56, 62. On March 28, 2013, Plaintiff filed an appeal, and on November 8, 2013, the Fourth Circuit Court of Appeals affirmed the decision of the district court. *Id*. at ECF Nos. 57, 67. Plaintiff filed the instant case on August 8, 2014.

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

3

II.   Discussion

    A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

4

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Defendants' motion lists several grounds for summary judgment. However, because the defense of Plaintiff's failure to exhaust his administrative remedies appears to be dispositive, the undersigned has not addressed each additional argument. For the following reasons, the undersigned recommends Defendants' motion be granted based on Plaintiff's failure to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id.* The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (internal

quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.*

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

According to Spivey and Hodge, KCDC has an established grievance policy that requires grievances to be filed within 48 hours of an incident. Spivey Aff. at ¶ 21; Hodge Aff. at ¶ 21.[4] Additionally, the grievance policy indicates that inmates can appeal any grievance, provided they do so within 48 hours of a response to the grievance. *Id*. at ¶ 22.[5] In this matter, as in *Smith I*, it is undisputed that Plaintiff did not file a grievance within 48 hours. He has failed to provide any evidence that his efforts to file a grievance within 48 hours were frustrated, as he was able to file a request to staff. [ECF No. 81-1]. In response, Plaintiff argues that KCDC did not make him aware of the grievance policy.

---

[4] The affidavits of Peggy Spivey and Crystal Hodge may be found at ECF Nos. 60-2 and 60-5, respectively.

[5] Plaintiff argues that he did not have an opportunity to appeal his grievances, as KCDC never responded to the grievances. [ECF Nos. 81 at 16; 81-1 at 42–46]. Defendants did not file a reply or otherwise respond to this argument.

However, this argument was previously considered and rejected in *Smith I*. *See Smith I* at ECF No. 53. Therefore, the undersigned recommends Defendants' motion be granted, as Plaintiff failed to exhaust his administrative remedies.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 60] be granted. Plaintiff's motion for a report and recommendation [ECF No. 83] is now moot. If the district judge accepts this recommendation, Plaintiff's motions for sanctions [ECF No. 72] and for a docket sheet [ECF No. 82] will be rendered moot.

    IT IS SO RECOMMENDED.

December 18, 2015                                          Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).