UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gregory Vincent Smith, | Civil Action No.: 1:14-cv-03161-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher Phillips, Cpl. T. Wilson, Peggy E. Spivey, Crystal Hodge, and Jim Matthews, | |
| Defendants. | |

Plaintiff Gregory Vincent Smith, a state prisoner proceeding pro se, has sued the five above named Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights. *See* ECF No. 1. Defendants have filed a motion for summary judgment. *See* ECF No. 60. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 84. The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment. R & R at 7. Plaintiff has filed objections to the R & R. *See* Pl.'s Objs., ECF No. 87.

**Factual and Procedural History**

Plaintiff is currently a state prisoner, but this lawsuit stems from incidents that allegedly occurred on August 15, 2011, while he was a pretrial detainee at the Kershaw County Detention Center

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

(KCDC). On January 4, 2012, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations occurred as a result of a search of his jail cell at KCDC, a drug test performed without his consent, and his subsequent placement in solitary confinement. *See Smith v. Spivey*, No. 1:12-cv-00029-RBH ("*Smith I*"). Defendants filed a motion for summary judgment on August 6, 2012, arguing *inter alia*, that Plaintiff failed to exhaust his administrative remedies available at KCDC. The Magistrate Judge issued an R & R on October 11, 2012, recommending that summary judgment be granted in favor of Defendants based on Plaintiff's failure to exhaust; Plaintiff filed timely objections to the R & R. On February 27, 2012, the Court issued an order overruling Plaintiff's objections, adopting the Magistrate Judge's R & R, granting Defendants' motion for summary judgment, and dismissing Plaintiff's complaint without prejudice. The Court denied Plaintiff's motion for reconsideration, and the Fourth Circuit Court of Appeals summarily affirmed this Court's decision.

On August 8, 2014, Plaintiff filed the instant case pursuant to 42 U.S.C. § 1983, realleging the same claims he asserted in his prior case. Defendants moved for summary judgment, again on the ground that Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge issued an R & R recommending summary judgment be granted for Defendants based on Plaintiff's failure to exhaust. Plaintiff filed timely objections to the R & R.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**

The Magistrate Judge recommends granting Defendants' motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies. R & R at 5-7. She relies on two affidavits submitted by Defendants that show KCDC has an established grievance policy requiring inmates to file grievances within forty-eight hours of an incident and allowing inmates to appeal the disposition of grievances so long as they do so within forty-eight hours upon receipt of a response. *Id.* at 6 (citing ECF Nos. 60-2 & 60-5). The Magistrate Judge concludes that, as in *Smith I*, it is undisputed that Plaintiff failed to file a grievance within forty-eight hours of the incidents he alleges in his complaint. *Id.*

Plaintiff presents two main arguments in his objections. He first contends the Magistrate Judge's R & R "is fraught with misinterpretations and contradictions." Pl.'s Objs. at 3. Specifically, Plaintiff argues the Magistrate Judge "misrepresented facts" and relied on the wrong court filings in

3

making "unreliable and unreasonable" findings and conclusions.[2] *Id.* at 1-8. Having conducted a de novo review of the record in this case and Plaintiff's previous case, the Court finds the Magistrate Judge's R & R contains a thorough and correct recitation of the facts and procedural history with appropriate citations to the record. Accordingly, the Court summarily overrules Plaintiff's objection as meritless.

Plaintiff's second argument relates to the Magistrate Judge's finding that he failed to exhaust his administrative remedies at KCDC. *See* Pl.'s Objs. at 6-7. As the Magistrate Judge notes, the Prison Litigation Reform Act (PLRA) applies to the instant case and provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*" 42 U.S.C. § 1997e(a) (emphasis added). The PLRA's exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and is an affirmative defense for which Defendants bear the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (explaining "an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant").

In his objections, Plaintiff cites *Anderson*, *supra*, and argues Defendants have not met their burden to prove the affirmative defense of exhaustion of administrative remedies. Pl.'s Objs. at 7. This argument simply is not true. In support of their summary judgment motion, Defendants present

---

[2] Plaintiff disputes the manner in which several filings were entered on the electronic docket. *See* Pl.'s Objs. at 1-7. Additionally, Plaintiff sets forth his own version of the factual and procedural background of the instant case and *Smith I*. *See id.* at 3-7. Finally, Plaintiff challenges the accuracy of a footnote (note two) in the R & R. *Id.* at 4.

4

affidavits from KCDC administrative personnel, including Peggy E. Spivey (the administrator of KCDC) and Crystal Hodge (the lieutenant of operations at KCDC). *See* ECF Nos. 60-2 & 60-5. These affidavits detail the internal grievance procedure at KCDC—which requires inmates to file grievances within forty-eight hours of the alleged incident and appeal any response to a grievance within forty-eight hours—and state Plaintiff neither filed a timely grievance related to the August 15, 2011 incidents alleged in his complaint nor appealed any response to his grievances.[3] ECF No. 60-2 at ¶¶ 19-25; ECF No. 60-5 at ¶¶ 19-25. Thus, Defendants have produced evidence showing Plaintiff failed to exhaust the administrative remedies available to him at KCDC.

Because Defendants have met their initial burden to plead and prove the affirmative defense of exhaustion, the burden of production shifts back to Plaintiff, who must come forward with evidence showing he exhausted the administrative remedies at KCDC. *See Haggins v. S. Carolina Dep't of Corr.*, No. 4:05-1212-HMH-TER, 2006 WL 2090171, at *2 (D.S.C. July 25, 2006) ("When the defendant produces . . . evidence supporting its affirmative defense, the burden of production shifts back to the plaintiff who must come forward with specific facts showing that there is a genuine issue for trial." (omission in original) (citation omitted)). Here, however, Plaintiff has not provided any evidence disputing Defendants' evidence describing KCDC's grievance policy and demonstrating Plaintiff's noncompliance with it; and Plaintiff cannot rest on mere allegations[4] to survive summary judgment on

---

[3]  As the Magistrate Judge explains, Plaintiff filed untimely grievances on September 24, 2011, and October 7, 2011. *See* R & R at 3; *see also* ECF No. 70-1 at 45-50 (grievance forms).

[4]  Plaintiff appears to rely on his verified complaint to support his argument that he exhausted the administrative remedies at KCDC. *See* Pl.'s Objs. at 1-2, 6. Although it is true that in § 1983 actions "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge," *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991), Plaintiff's complaint in no way indicates he filed a timely grievance contesting the incidents alleged to have occurred on August 15, 2011, much less a timely administrative appeal. In fact, Plaintiff states in his complaint that he filed his "first grievance to Defendant Hodge on Sept. 24.11" and his "second grievance on Oct. 7.11 to Spivey." ECF No. 1 at ¶¶ 53, 57.

5

Defendants' affirmative defense of failure to exhaust. *See Haggins*, 2006 WL 2090171, at *2 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); Fed. R. Civ. P. 56(e). In short, Defendants are entitled to summary judgment because Plaintiff has failed to present the Court with any evidence that he properly exhausted the administrative remedies at KCDC before filing this case.[5]

## Conclusion

The Court has thoroughly reviewed the entire record, including Defendants' motion for summary judgment, the R & R, Plaintiff's objections, and the applicable law. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, discerns no error in the Magistrate Judge's findings and recommendation, and adopts and incorporates the R & R [ECF No. 84] by reference.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment [ECF No. 60] is **GRANTED** and that Plaintiff's complaint is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions [ECF No. 72], motion for a docket sheet [ECF No.

---

[5] Although dismissal for failure to exhaust under § 1997e(a) is generally without prejudice, "dismissal with prejudice may be appropriate where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (internal quotation marks omitted) (citing *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004)), *aff'd*, 616 F. App'x 57 (4th Cir. 2015). As mentioned earlier, KCDC's grievance procedure requires a grievance to be filed within forty-eight hours of an alleged incident. ECF No. 60-2 at ¶ 21; ECF No. 60-5 at ¶ 21. Plaintiff admits he filed his grievances on September 24, 2011, and October 7, 2011—weeks after the alleged August 15, 2011 incidents. ECF No. 1 at ¶¶ 53, 57. Because the time for filing a grievance in accordance with KCDC policy has long since expired, and because Plaintiff presents no special circumstances justifying his failure to exhaust, the Court finds dismissal with prejudice is appropriate in this case. *See Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015) ("The PLRA requires an inmate to exhaust 'such administrative remedies as are available' before filing an action. 42 U.S.C. § 1997e(a). This requirement is one of 'proper exhaustion': *an inmate is not excused from the requirement simply because a previously available administrative remedy is no longer available*." (emphasis added) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006))); *see, e.g., Duncan*, 2015 WL 75256, at *6, 9 (dismissing the plaintiff's claims with prejudice because he "failed to submit a complete and timely grievance" and because he failed to demonstrate why exhaustion should be excused); *McCoy v. Abbasi*, No. 3:11CV09, 2012 WL 6562759, at *7 (E.D. Va. Dec. 14, 2012) (dismissing the plaintiff's claims with prejudice "[b]ecause the time for pursuing a regular grievance with respect to [the plaintiff]'s current claims has long since expired"); *Hall v. Hopkins*, No. 7:10-CV-00393, 2011 WL 6046610, at *4 (W.D. Va. Dec. 5, 2011) (dismissing the plaintiff's claim with prejudice because he had "ample opportunity to initiate the regular grievance process but failed to do so" and because "[t]he time for initiating the process has long since expired").

82], and motion to appoint counsel [ECF No. 86] are **DENIED AS MOOT**. The Court directs the Clerk to **CLOSE** this case.

    **IT IS SO ORDERED.**


Florence, South Carolina  
February 2, 2016

<u>s/ R. Bryan Harwell</u>  
R. Bryan Harwell  
United States District Judge