UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gregory Vincent Smith,            ) | Civil Action No.: 1:14-cv-03161-RBH |
|            Plaintiff,            ) | |
| v.            ) | **ORDER** |
| Christopher Phillips, Cpl. T. Wilson, ) Peggy E. Spivey, Crystal Hodge, and ) Jim Matthews,            ) | |
|            Defendants.            ) | |

      Plaintiff Gregory Vincent Smith, a state prisoner proceeding pro se, brought this action against the five above named Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights. *See* ECF No. 1. On February 2, 2016, the Court issued an order overruling Plaintiff's objections to the Magistrate Judge's Report and Recommendation, adopting the Report and Recommendation, granting Defendants' motion for summary judgment, and dismissing Plaintiff's complaint with prejudice. *See* ECF No. 89. On February 8, 2016, Plaintiff filed a motion seeking reconsideration of the Court's order. *See* ECF No. 92.

      Federal Rule of Civil Procedure 59(e) provides for an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). It permits a district court to correct its own errors, thereby "'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). The Fourth Circuit recognizes three limited grounds for a district court's grant of a Rule 59(e) motion: "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error

of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). A party's mere disagreement with the Court's ruling does not support a Rule 59(e) motion, *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993), and a party may not exploit Rule 59(e) to "rehash the same arguments and facts previously presented." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (internal quotation marks and citation omitted). A party cannot use a Rule 59(e) motion to raise an argument it could have raised before entry of the original judgment, or "to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

Plaintiff does not point to a change in the controlling law, new evidence, or a clear error of law. Moreover, in its February 2, 2016 order, the Court thoroughly discussed the fact that Plaintiff failed to exhaust the administrative remedies available to him at the Kershaw County Detention Center because he did not file timely grievances.[1] *See* ECF No. 89 at 5-6. Plaintiff has failed to set forth an adequate basis for the requested relief,[2] and the Court declines to reconsider its February 2, 2016 order. The Court therefore **DENIES** Plaintiff's motion for reconsideration.

---

[1]     Although Plaintiff asserts in his motion for reconsideration that he did not have the opportunity to appeal his grievances because jail officials did not respond to them, Plaintiff still fails to recognize that *his grievances were not timely filed*—the obvious implication is that *it would have been impossible for him to file a timely administrative appeal* because he did not first file timely grievances. *See* ECF No. 92 at 2. The Court directs Plaintiff's attention to its discussion in the February 2, 2016 order. *See* ECF No. 89 at 5 n.4.

[2]     Plaintiff also argues in his motion for reconsideration that the administrative exhaustion requirement does not apply to those Defendants who are not employed by the Kershaw County Detention Center. ECF No. 92 at 1-2. The Magistrate Judge did not rule on this argument in the Report and Recommendation, and Plaintiff's objections did not challenge the Magistrate Judge's decision not to make such a ruling. *See* ECF Nos. 84 & 87. Accordingly, Plaintiff has waived the argument he now presents in his motion for reconsideration. *See Pac. Ins. Co.*, 148 F.3d at 403 (stating a party cannot use a Rule 59(e) motion to raise an argument it could have raised before entry of the original judgment); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'" (quoting 28 U.S.C. § 636(b)(1)).

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>March 3, 2016 | <u>s/ R. Bryan Harwell</u><br>R. Bryan Harwell<br>United States District Judge |